ELIZABETH STAPLETON *vs.* FRANK J. STAPLETON, SR.

Third Judicial District, Bridgeport, October Term, 1930.

MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 29th—decided December 12th, 1930.

*Cyril Coleman,* for the appellant (defendant).

*Timothy S. Sullivan* and *Frederick M. Dauch,* for the appellee (plaintiff).

PER CURIAM. The plaintiff was a passenger in an automobile driven by the defendant which collided with one driven by Nicholas Muccino. The plaintiff claimed that the accident was due to the fact that the defendant was driving his automobile at the time of the accident with its left wheels over the center line of the highway and in a negligent manner. The defendant claimed that his car was upon the right-hand side of the highway and that the accident was solely due to the fact that the Muccino car was being driven upon the same side and in a negligent manner. The trial court charged the jury quite fully upon the law with reference to the duty of the defendant in the operation of his car both under common-law principles and under statutory provisions and instructed them that if they found negligence upon his part and that such negligence was a substantial factor in producing

the accident, he would be liable, but that, if the accident was due solely to the acts of Muccino the plaintiff could not recover. The present claim of the defendant is that the court did not give instructions as to what would constitute negligence on the part of Muccino similar to those it gave with reference to the defendant's conduct. But even if the jury, under such instructions, had found Muccino negligent and that such negligence was a substantial factor in causing the accident, this would not have freed the defendant from liability if he too was negligent in a matter which was such a factor in bringing about the collision. The charge of the court that the defendant would not be liable if the jury found the accident to be solely due to the acts of Muccino was adequate to the situation disclosed by the claims of the parties, without a discussion as to what would constitute negligent conduct on his part.

There is no error.